JONES *v.* CITY OF TROY.

(*Supreme Court, General Term, Third Department.* March 16, 1889.)

MUNICIPAL CORPORATIONS—ICE ON SIDEWALKS.

    Plaintiff, while walking in a careful manner, on the sidewalk, stepped upon some rounded or oval ice, which was partly concealed by a light flurry of snow then falling, and fell, receiving the injuries complained of. It appeared that the snow as it fell from time to time during the winter had not been cleaned off, but had been trodden down, and had become an uneven or humpy surface, which had been suffered to remain for about six weeks. *Held,* that the city was liable.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury upon the trial at the Rensselaer circuit, and from an order denying a motion made upon the minutes for a new trial. The action was to recover for injuries sustained by the plaintiff by falling upon an icy sidewalk. On the afternoon of the 11th of February, 1884, the plaintiff, while walking upon the westerly sidewalk of Harrison place, stepped upon some rounded or oval ice, which was partly concealed by a light flurry of snow then falling, and she slipped and fell, and her hip was broken. The testimony tended to show that the plaintiff was walking carefully; that the walk had not been attended to; but that, as the snow had fallen from time to time during the winter, it had been trodden down, and had become an uneven or humpy surface of ice, and had been so for five or six weeks.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*E. L. Fursman,* for appellant.    *R. A. Parmenter,* for respondent.

LANDON, J. We think this judgment must be affirmed. The ice upon the sidewalk caused the plaintiff's fall. It was not smooth ice, evenly distributed over the walk, but was oval or humpy, more in one place than in another, as the witnesses described it, and thus its uneven surface constituted a peril in addition to that which mere slipperiness caused. It had been suffered to remain in this dangerous condition for about five weeks, thus affording evidence of constructive notice to the city. The jury found, upon evidence warranting the finding, that the plaintiff was free from negligence. Judgment and order affirmed, with costs. All concur.